IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JULIAN AGUERO | § | |
| v. | § | CIVIL ACTION NO. 5:22cv71 |
| WARDEN, FCI-TEXARKANA | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Julian Aguero, a prisoner of the Federal Correctional Institution at Texarkana proceeding *pro se*, filed this petition for the writ of habeas corpus under 28 U.S.C. § 2241 complaining of the computation of his sentence. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

**I. The Petition**

Petitioner states that he was originally arrested by Texas authorities on or about January 20, 2013. The federal government took custody of him and held him in federal custody from April until November of 2013, when he was sentenced to 140 months in prison. He says that he has never received credit for that time, and the sentencing court was silent on the question of concurrency with his state sentence. Petitioner states that he has requested a *nunc pro tunc* designation but has been denied.

According to Petitioner, where a federal sentence is imposed before a state sentence, the Bureau of Prisons can indirectly award credit for time served in state prison by designating *nunc pro tunc* the state prison as the place in which the prisoner serves a portion of his federal sentence. He concedes that the decision to designate a facility as a place of federal detention is within the Bureau's discretion, but says that prisoners are entitled to "fair treatment" on his application for

*nunc pro tunc* designation of a state facility as a place of confinement for his federal sentence. He again asserts that he was taken into federal custody in April of 2013 and the time he was in federal custody should count toward his federal sentence.

## II. The Answer

The Respondent has filed an answer setting out the complete time line, supported by an affidavit from Yvonne Gordon, Correctional Programs Specialist at the Federal Bureau of Prisons Designation and Sentence Computation Center. The records show that on January 20, 2013, Petitioner was arrested by the Texas Department of Public Safety for failure to identify, evading arrest or detention, felon in possession of a firearm, and for violation of parole for a previous state conviction. (Dkt. No. 10-1, p. 6).

On April 19, 2013, while in the custody of the State of Texas, Petitioner was arrested by the U.S. Marshals Service on a writ of habeas corpus ad prosequendum from the U.S. District Court for the Western District of Texas. On November 19, 2013, he was sentenced by the Western District to 140 months in prison for conspiracy to possess with intent to distribute and distribution of 50 grams or more of actual methamphetamine. The judgment <u>does not</u> specify whether the sentence is concurrent or consecutive to any other sentences. (Dkt. No. 10-1, p. 15).

Petitioner was returned to state custody on November 26, 2013. On March 27, 2015, he was sentenced by the state district court in Ector County to three years in prison for unlawful possession of a firearm by a felon. The state court ordered the sentence to run concurrently, and gave credit for time in custody from <u>January 20, 2013 to March 27, 2015</u>. (Dkt. No. 10-1, p. 23).

On July 6, 2015, Petitioner was sentenced by the state district court in Potter County to ten years in prison for evading arrest or detention. This sentence was also ordered to run concurrently, and Petitioner received credit on his state sentence for time in custody from <u>March 12, 2013 to July 6, 2015</u>. (Dkt. No. 10-1, p. 26).

On July 17, 2015, Petitioner's federal sentence was reduced from 140 months to 120 months. (Dkt. No. 10-1, p. 29). On August 11, 2015, Petitioner's parole was revoked by the state district

court in Potter County for prohibited substance in a correctional facility and aggravated perjury. (Dkt. No. 10-1, p. 31).

Four and a half years later, on January 6, 2020, Petitioner was paroled from the Texas Department of Criminal Justice to the custody of the U.S. Marshals Service to begin his 120 month sentence in the Federal Bureau of Prisons. (Dkt. No. 10-1, pp. 37, 43).

On December 11, 2020, Petitioner filed a request for administrative remedy seeking a *nunc pro tunc* designation. The Bureau contacted the sentencing court for its position on Petitioner's request, and the sentencing court responded that it was the Court's position that Petitioner's federal sentence should run consecutive to his state sentences. (Dkt. No. 10-1, p. 53). On September 30, 2021, after review of the sentencing court's position and the 18 U.S.C. § 3621 factors, the Bureau denied Petitioner's request for a *nunc pro tunc* designation. (Dkt. No. 10-1, p. 58).

**III. Discussion**

Petitioner and Respondent agree that the Bureau of Prisons retains the sole authority to compute an inmate's sentence. This is done by determining the date the sentence commenced and then determining whether the inmate should receive any credit for time spent in official detention prior to the commencement of the sentence.

Under 18 U.S.C. § 3585, a federal sentence commences when the inmate is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. The sentence cannot commence prior to its being imposed; however, a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed or as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed, so long as the time has not been credited against another sentence.

18 U.S.C. § 3584(a) provides that multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. Based on this statute

and the response from the sentencing court, the Respondent states that the Bureau determined that Petitioner's federal sentence is running consecutively to his state sentences.

In this case, the Respondent asserts that Petitioner's federal sentence commenced on January 6, 2020, when he was paroled out of the Texas Department of Criminal Justice to the U.S. Marshals Service, which is when he was received into custody awaiting transportation to the official detention facility at which his federal sentence was to be served.

TDCJ records show that Petitioner received credit on his state sentences for the time periods between January 20, 2013 and March 27, 2015, and from March 12, 2013 to July 6, 2015. Because this time has been credited to Petitioner's state sentences, the Respondent argues that it cannot be credited to his federal sentence under 18 U.S.C. § 3585.

18 U.S.C. § 3621(b) provides the Bureau with the statutory authority to designate a state institution for service of a federal sentence. The Respondent states that the sentencing court was contacted to determine its position on the retroactive designation of the state institution for the concurrent service of the federal sentence, and the sentencing court replied that Petitioner's sentences were consecutive. Upon receiving this response and reviewing the factors set out in § 3621, the Bureau of Prisons determined that a retroactive designation was not appropriate.[1]

In *Lewis v. Warden, FCC-Beaumont*, 819 F.App'x 211, 213 (5th Cir. 2020), the petitioner Christopher Lewis was arrested by state authorities in February of 2012 and transferred to federal authorities the next month. He received a federal sentence in April of 2013 and was returned to state authorities, with the federal judgment being filed as a detainer. He pleaded guilty in state court and received a sentence of 10 years in prison, which the state court ordered to run concurrently with his

---

[1] The factors set out in § 3621(b) include: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court which imposed the sentence (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted or (b) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission under 28 U.S.C. § 994(a)(2)

federal sentence. He also received three one-year sentences in other state criminal proceedings, which were also ordered to run concurrently with each other and with the federal sentence.

Prior to his release from state custody in 2017, Lewis asked that his federal sentence be served concurrently with his state sentences, which would require the Bureau of Prisons to designate the state institution *nunc pro tunc* as the place of service of the federal sentence. The Bureau contacted the sentencing court to determine its position on a retroactive designation, but the sentencing court did not respond. After considering the factors set out in § 3621 for consideration in designating the place of imprisonment, the Bureau determined that a retroactive concurrent designation was not appropriate. Lewis sought habeas corpus relief under 28 U.S.C. § 2241.

The district court concluded that the Bureau had acted within its discretion in refusing the request for *nunc pro tunc* designation, noting that the state court's order for concurrent sentencing was not binding on the Bureau, the sentencing court's judgment did not specify whether the sentence would be concurrent or consecutive, and the sentencing court did not tell the Bureau that it intended for the sentence to be concurrent.

On appeal, the Fifth Circuit observed that where a federal sentence is imposed before a state sentence, the Bureau can indirectly award credit for time served in state prison by designating the state prison as the place where the prisoner serves a portion of his federal sentence. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). In making this determination, the Fifth Circuit explained that the Bureau fulfills its obligation to consider the prisoner's request by submitting the request to the sentencing court, which may communicate intent for the sentence to run concurrently or consecutively to any state sentence imposed, and by considering the factors of 18 U.S.C. § 3621. *See Hunter v. Tamez*, 622 F.3d 427, 429 and n.2 (5th Cir. 2010); *Rodriguez v. Pitzer*, 76 F.App'x 519, 520 (5th Cir. 2003).

In considering Lewis' petition, the district court observed that the time credited to Lewis' state sentences could not be credited to his federal sentence and that multiple terms of imprisonment

imposed at different times run consecutively unless the court orders them to run concurrently. The Fifth Circuit affirmed the denial of Lewis' petition.

Like Lewis, Petitioner here was arrested by state authorities and placed in federal custody before being returned to the state. That time which he spent in federal custody, from April to November of 2013, was credited to his state sentence. While the sentencing court in *Lewis* did not respond to an inquiry from the Bureau regarding a retroactive designation, Petitioner's sentencing court expressly stated that his federal sentence was to run consecutively to his state sentences. Because Petitioner's federal sentence is consecutive, it did not commence until he was taken into custody by the Marshals on January 6, 2020. While Petitioner is correct that the Bureau of Prisons may indirectly award credit for time served in state prison through a *nunc pro tunc* designation of the state prison as the place in which the prisoner serves a portion of his federal sentence, this would have the effect of giving him credit on both his state and federal sentences for the time between April and November of 2013, which he cannot have under § 3585(b) because his sentences are consecutive. To the extent that Petitioner's requested *nunc pro tunc* designation would have the effect of reducing his term of imprisonment on his federal sentence, this is in effect a request for clemency, which must be addressed to the executive rather than the judicial branch. *Hunter*, 622 F.3d at 431. Petitioner has failed to show that the Bureau of Prisons abused its discretion in denying his request to designate the state institution *nunc pro tunc* as the place of service of the federal sentence. *Rodriguez*, 76 F.App'x at 520 (where nothing indicated that the sentencing court intended the petitioner's sentence to be concurrent rather than consecutive, the Bureau of Prisons was well within its discretion to deny the petitioner's request for a *nunc pro tunc* designation); *see also Potoski v. Fox*, 583 F.App'x 396, 397 (5th Cir. 2014). Petitioner's application for the writ of habeas corpus is without merit.

## RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 22nd day of April, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE